**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4588

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREG SNIDER,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:20-cr-00074-TSK-MJA-18)

Submitted:  October 22, 2024                     Decided:  October 24, 2024

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** James T. Kratovil, KRATOVIL LAW OFFICES, PLLC, Charles Town, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In September 2023, a jury convicted Greg Snider of conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846; and aiding and abetting the maintaining of drug-involved premises, in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2. Snider was later sentenced to 180 months in prison. In this court, Snider asserts that the district court erred when, during voir dire, the court failed to excuse four potential jurors "who had family and/or employment ties to the Government." (Appellant's Br. (ECF No. 18) at 23). We affirm.

Under the Sixth Amendment, a criminal defendant has the right to trial by an impartial jury. A district court therefore must exclude those prospective jurors "who cannot be impartial," meaning those jurors who cannot "lay aside [their] opinion[s] and render a verdict based on the evidence presented in court." *United States v. Turner*, 389 F.3d 111, 117 (4th Cir. 2004) (citing *Patton v. Yount*, 467 U.S. 1025, 1037 n.12 (1984)). "Under our system[,] it is the trial judge who is best situated to determine competency to serve impartially." *Id.* at 115 (cleaned up). A district court therefore "has very broad discretion in deciding whether to excuse a juror for cause and his decision will not be overturned except for manifest abuse of that discretion." *Poynter by Poynter v. Ratcliff*, 874 F.2d 219, 222 (4th Cir. 1989).

Upon review of the record, which we have considered in conjunction with the parties' arguments, we conclude that the district court did not abuse its discretion. Indeed, all four jurors unequivocally asserted that they could render an unbiased verdict based on the evidence presented at trial. We thus hold that the district court acted within its

2

discretion to presume that each juror could render a fair and impartial verdict.  *See id*. at 221 (recognizing that "[a] juror is presumed impartial and the existence of a preconception is insufficient to rebut this presumption if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court" (internal quotation marks omitted)); *see also United States v. Umana*, 750 F.3d 320, 342 (4th Cir. 2014) ("A juror's generally favorable impression of law enforcement does not necessarily amount to bias any more than does a juror's personal association with law enforcement."); *United States v. LaRouche*, 896 F.2d 815, 830 (4th Cir. 1990) ("[C]ase law . . . refuses to establish a *per se* rule excluding any person who has had an association with an investigatory agency.").

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*